IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT B. ATWOOD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SWIRE COCA-COLA, USA, and THE SWIRE COCA-COLA USA LONG-TERM DISABILITY PLAN,<br><br>　　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:03-CV-1014 TC |

　　　　　Plaintiff Scott B. Atwood was an employee of the Defendant Swire Coca-Cola, USA ("Swire"). Mr. Atwood contends that although he signed up for long-term disability ("LTD") insurance coverage with the Defendant Swire Long-Term Disability Plan ("the Plan"), Swire failed to enroll him. Mr. Atwood is now asking the court to order Swire to enroll him for LTD coverage. Defendants have moved for judgment on the pleadings on the ground that "appropriate equitable relief" under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(2), does not include the type of relief Mr. Atwood seeks. Because the court concludes that Mr. Atwood is seeking equitable relief as authorized by § 502(a)(3), Defendants' motion is DENIED.

**Legal Standard**

　　　　　The Defendants filed what they call a "Motion to Dismiss," which normally would be governed by Federal Rule of Civil Procedure 12(b)(6). But because the Defendants have already

answered Plaintiff's complaint (i.e., the pleadings are closed), the procedural posture of the Defendants' motion is actually that of a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . ., any party may move for judgment on the pleadings"). Still, a Rule 12(c) motion for judgment on the pleadings is treated as a motion to dismiss under Rule 12(b)(6), so the standard of review is the same. Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). Rule 12(b)(6) authorizes a court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a 12(b)(6) motion, a court must accept all well-pleaded facts as true. See Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002). The court must also "view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed." Id.

**Analysis**

In his complaint, Mr. Atwood seeks "unpaid LTD benefits in an amount to be determined at trial, plus attorneys' fees incurred pursuant to 29 U.S.C. § 1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed [and for] such other relief as the Court deems equitable." (Compl. at pp. 6-7.) Mr. Atwood has now limited his claim for relief: "The Plaintiff is not asking the Court to award monetary damages. The Plaintiff is simply requesting that the Court allow the equitable relief of putting the Plaintiff in the position that he would have been in had the Defendant properly enrolled the Plaintiff in its LTD Plan when he was first hired." (Pls.' Supplemental Br. in Supp. of its Opp'n to Defs.' Mot. to Dismiss at 2.)

The Defendants argue that the recent decision in Callery v. United States Life Ins. Co. in

the City of New York, 392 F.3d 401 (10th Cir. 2004), shows that the remedy that Mr. Atwood seeks is legal, not equitable, relief and therefore is not available under § 1132(a)(3).[1] In Callery, the court examined the question of what was "appropriate equitable relief" under § 1132(a)(3) and decided that because the remedy the plaintiff was seeking was, in reality, money damages, the plaintiff could not recover under § 1132(a)(3). Id. at 404-05.

But in Callery, the Tenth Circuit distinguished one of its earlier decisions, Downie v. Independent Drivers Ass'n Pension Plan, 934 F.2d 1168 (10th Cir. 1991), where it found that the plaintiff was entitled to equitable relief under § 1132(a)(3). Callery, 392 F.3d at 407. In Downie, the plaintiff employee was a participant under his employer's ERISA benefits plan. The plaintiff elected to take advantage of the early retirement option that was available under the plan. The plan's summary description gave no notice that it was a violation of the plan to return to full-time employment. When the plaintiff returned to full-time employment, the plan trustees terminated his benefits and service credits. The district court found that the trustee's actions were arbitrary and capricious and that the plaintiff was entitled to equitable relief under 29 U.S.C. § 1132(a)(3). The district court ordered the plan to restore the plaintiff to the same position he would have been in had he not taken early retirement. Downie, 934 F.2d at 1170. The Tenth Circuit agreed that the equitable remedy fashioned by the district court was proper under § 1132, although it remanded the case for clarification of certain details. Id. at 1171.

In Callery, the court distinguished between the relief sought there (the payment of insurance proceeds) and the relief awarded in Downie: "In Downie, the court used its equitable

---

[1] "A civil action may be brought [under ERISA] . . . by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief. . . ." 29 U.S.C. § 1132(a)(3)(B).

3

powers to restore the parties to their original positions in order to affect the beneficiary's ability to receive future payments. This is a clear equitable remedy and is distinct from the relief sought in this case." 392 F.3d at 407.

In a case that is factually similar to this case, Mathews v. Chevron Corp., 362 F.3d 1172 (9th Cir. 2004), the Ninth Circuit Court of Appeals affirmed the district court's granting of an injunction that ordered Chevron, the sponsor and administrator of an ERISA-qualified retirement plan, to modify the plan records to reflect that the plaintiffs were eligible to receive benefits. The court noted that "[o]n its face, an order to modify plan records is not an award of monetary damages. More importantly, the relief granted by the district court here is also equitable in substance. To instate the plaintiffs retroactively into SITE [a supplementary benefit available to employees under the plan] simply puts them in the position they would have been had Chevron not breached its fiduciary duty[.]" Id. at 1186. The court pointed out that the relief granted plaintiffs, inclusion of the plaintiffs in the SITE program, was analogous to the relief upheld by the Supreme Court in Varity Corp. v. Howe, 516 U.S. 489 (1996).

The plaintiffs in Varity were employees who had been intentionally misled by Varity, the parent company of their employer, into transferring into a spin-off company with a new benefits plan. Varity told the plaintiffs that the new plan would secure their existing benefits. When the spin-off company went into receivership, the plaintiffs lost their non-pension benefits. The Supreme Court upheld the decision of the Eighth Circuit that because of Varity's breach of its fiduciary duties the employees were entitled under § 1332 to an injunction reinstating them in the original plan. 516 U.S. at 1068.

The court concludes that Mr. Atwood has now narrowed his claim for relief under § 1332 to appropriate equitable relief, not monetary damages.

**ORDER**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

DATED this 24th day of October, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge