IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT B. ATWOOD,<br><br>         Plaintiff,<br><br>    vs.<br><br>SWIRE COCA-COLA, USA, and THE SWIRE COCA-COLA, USA LONG-TERM DISABILITY PLAN,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING AWARD OF ATTORNEY'S FEES**<br><br>Case No: 2:03-CV-1014 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Following a bench trial in this ERISA case, the district court entered a judgment in favor of Plaintiff Scott B. Atwood. In addition, the court ordered Defendant Swire Coca Cola, USA ("Swire") to pay Atwood's reasonable attorney's fees and costs under 29 U.S.C. § 1132(g), to be determined by the court after submission of affidavits, supporting documentation, and briefing.[1] The case was referred to the magistrate judge specifically to determine the amount of an appropriate fee award.[2]

Atwood seeks $47,972.50 in attorney's fees and $1,852.51 in costs for a total of $49,825.01. In support of his request, Atwood has submitted the affidavit of his attorney, Marcie E. Schaap, with contemporaneous billing records attached.[3] Ms. Schaap has been engaged in

---

[1] Order and Memorandum Decision at 20-22, docket no. 57, filed January 19, 2007.

[2] Order of Reference, docket no. 62, filed February 21, 2007, referring the case to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A).

[3] Affidavit of Attorney's Fees, docket no. 60, filed February 2, 2007.

ERISA litigation since 1998. Her practice consists entirely of representing ERISA plaintiffs.[4] Ms. Schaap spent 198.9 hours on this litigation. She billed at the rate of $225 per hour prior to January 1, 2005, and at the rate of $250 per hour thereafter.[5]

Atwood has also submitted the affidavit of Brian S. King, a local attorney who has been engaged in ERISA litigation since 1993.[6] Mr. King's current hourly rate is $300.[7] He states that he is familiar with the hourly rates charged by ERISA attorneys across the nation.[8] He further states that he is familiar with Ms. Schaap's legal abilities and considers her requested hourly rate of $225 to $250 to be "more than reasonable."[9]

In response to the application for attorney's fees, Swire concedes that Atwood is entitled to attorney's fees. Swire contends, however, that Atwood "is not entitled to attorney fees for issues upon which he did not prevail," and "the amount requested is disproportionate to the issues in the case and the available benefit."[10]

Swire states that Atwood initially sought monetary relief in the form of unpaid disability benefits. Swire asserts that after it filed a motion to dismiss on the ground that Section 1132(a)(3) of ERISA provides only equitable relief, Atwood was forced to change his claim to

---

[4]*Id.* ¶ 4.

[5]*Id.* ¶ 7.

[6]Affidavit of Brian S. King ¶ 3, attached as Ex. B to Affidavit of Attorney's Fees.

[7]*Id.* ¶ 5.

[8]*Id.* ¶ 3.

[9]*Id.* ¶ 6.

[10]Objection to Plaintiff's Affidavit of Attorney's Fees ("Objection") at 2, docket no. 61, filed February 16, 2007.

equitable relief in the form of enrollment in the long-term disability plan.  Swire contends that the equitable relief eventually awarded by the court was not the equivalent of the monetary relief Atwood originally requested.  Swire argues, therefore, that because Atwood did not prevail on the damages issue, he should not be awarded attorney's fees expended on this issue.[11]

While it is true that Atwood did not obtain relief in the form of unpaid long-term disability benefits as originally sought in the complaint, he prevailed at the critical stages of the case including the motion to dismiss [12] and the ultimate decision at trial.[13]  The court therefore concludes that the fee request need not be reduced for failure to obtain a particular type of relief.

Swire also appears to argue that counsel expended an excessive amount of time on this case between April 24, 2006 and the conclusion of the litigation.[14]  The court has carefully reviewed each entry in support of Ms. Schaap's affidavit, and finds that the time expended is reasonable under the circumstances.

Finally, Swire seems to argue that the amount of the requested attorney's fees is disproportionate to the success achieved by Atwood in this litigation.[15]  Atwood responds that

---

[11]*Id.* at 3-4.

[12]See Order and Memorandum Decision, docket no. 38, filed October 24, 2005.

[13]Order and Memorandum Decision, docket no. 57, filed January 19, 2007.

[14]Objection at 4-5.  The court notes that part of Swire's argument in this regard appears to be based upon an erroneous assumption as to the amount of attorney's fees billed prior to April 24, 2006.  See Reply to Defendants' Opposition to Plaintiff's Affidavit of Attorney's Fees ("Reply") at 4-5, docket no. 65, filed February 26, 2007 (explaining the apparent misunderstanding).

[15]Objection at 2 (stating that "the amount requested is disproportionate to the issues in the case and the available benefit"); *Id.* at 5-6 (inviting the court to "compare the questionable value of Mr. Atwood's victory with the disproportionate fees and expenses now being requested.").

proportionality of attorney's fees to damages is not a requirement under ERISA.[16]  Indeed, Atwood has cited numerous cases in which courts awarded attorney's fees even where there was no monetary award.[17]  Accordingly, the court declines to reduce the fee request on the ground that it is disproportionate to the relief obtained.

## ORDER

The court concludes that Schaap's hourly rate is commensurate with that of other ERISA attorneys with comparable skills and experience practicing in the Salt Lake City area, and that the number of hours expended was reasonable.  Swire has not objected to the amount of costs, and the court finds that the requested costs are also reasonable.  Accordingly, Atwood is awarded attorney's fees in the amount of $47,972.50, and costs in the amount of $1,852.51, for a total of $49,825.01.

March 22, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[16] Reply at 7.

[17] *See, e.g.*, *Mizzell v. Provident Life & Accident Ins.* Co., No. 00-56858, 2002 U.S. App. LEXIS 4483 (9th Cir. Mar. 18, 2002)(unpublished)(upholding an award of $177,351.22 where district court did not award benefits, but remanded the case to the plan administrator for a new determination on the plaintiff's claim); *Palmiotti v. Metro. Life Ins. Co.*, No. 04 Civ. 718 (LTS)(JCF), 2006 U.S. Dist. LEXIS 37490 (S.D.N.Y. June 6, 2006)(awarding fees and costs in the amount of $186,585.66 where the court did not award benefits, but remanded the plaintiff's application to the defendant for further consideration, ).